IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01414-REB-MEH

MICHELE WHITMORE,
WKF ENTERPRISES, LLC,
WANDA K. FORD,
DYLAN MUMM,
CARLYN MUMM, and
KATHRYN FORD,

      Plaintiffs,

v.

STATGUARD, LLC,
DAVID KIM STANLEY,
MICHAEL J. LEARY,
CHARLES S. BRADFORD,
BRUCE HOOVER, and
LINDA MITCHELL,

      Defendants.

## ORDER ON PLAINTIFFS' MOTION TO COMPEL AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiffs' Motion to Compel Discovery from Defendants and for Award of Fees and Costs [filed September 16, 2009; docket #43] and Defendants' Amended Motion for Protective Order [filed October 20, 2009; docket #57]. These matters are briefed and referred to this Court for resolution [docket #45, 59]. The Court heard oral argument on the motions on October 27, 2009. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel, and **grants in part** and **denies in part** the Motion for Protective Order.

**I.     Background**

This case arises from various disputes in 2008 involving contractual (primarily, employment) relationships between the Plaintiffs and Defendants. (Docket #1-27 at 3-4.) Plaintiffs contend that Defendants are engaged in a campaign of harassment designed to force the Plaintiffs to revoke their membership interests in the company, Statguard LLC, and seek declaratory, injunctive and economic relief by alleging claims of breach of contract, breach of fiduciary duty, abuse of process, malicious prosecution, defamation, and tortious interference. (*Id.*) Defendants generally object to Plaintiffs' allegations and intend to file counterclaims against them. (*See* docket #40 at 1-2.)

In their motion to compel, Plaintiffs contend that Defendants have not provided complete responses to any of their discovery requests tendered on April 20, 2009, and refuse to provide any additional information. (Docket #44 at 2.) Plaintiffs assert that the individual Defendants, other than David Stanley, have refused to answer any discovery and that Mr. Stanley has attempted improperly to answer on their behalf. (*Id.*) Of those requests he has refused to answer or provide additional information, Mr. Stanley has objected that he does not have the time or resources to gather responsive documents and information, or that providing responses would be an "obstruction of justice." (*Id.*) Finally, Plaintiffs complain that a separate entity, Talion Systems, LLC, has improperly responded to discovery requests served upon the corporate Defendant, Statguard, LLC. (*Id.* at 4-5.)

Defendants responded to the motion to compel by filing a motion for protective order seeking protection from the undue burden and expense of fully responding to Plaintiff's discovery requests. (*See* dockets #57 and 58.) Defendants assert that the information and documents the Plaintiffs seek are in the possession of Statguard, LLC, which is defunct and no longer in operation. (Docket #57 at 2.) Apparently, the company's records are stored in Georgia, Massachusetts and Tennessee, but

there are no employees and no resources necessary to "cull" through the information in order to provide discovery responses. (*Id.*) In addition, Defendants claim that David Stanley was the sole manager of Talion Systems, LLC, itself the sole manager of Statguard, LLC. (Docket #58 at 6.) As such, the other individual Defendants claim that they possess no other documents or information other than that already produced. (*Id.*) Finally, Defendants contend that the Plaintiffs already possess much of the information they seek. (*Id.*)

The Court heard these matters on October 27, 2009, at which defense counsel explained that Mr. Stanley lives in the vicinity of the storage location for Statguard's documents. The Court directed the parties to work together to determine whether a computer hard drive exists containing requested discovery information and, if so, how to get a copy of the hard drive to the Plaintiffs. In addition, defense counsel explained that Talion Systems, Inc. is an entity owned and/or managed by Mr. Stanley, who is the former owner/manager of Statguard LLC. In conclusion, both parties rested on the briefs they have filed with the Court.

**II.    Discussion**

    A.    Standard of Review

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2009). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

3

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c) (2009). To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

B.     Analysis

First, with respect to the discovery requests served upon Statguard, LLC, the Court finds that, since Talion Systems, Inc. ("Talion") responded to the requests on Statguard's behalf, Talion is responsible for providing responsive documents and/or other information requested by the Plaintiffs. That Statguard is now defunct is irrelevant for these purposes; there is no argument that Talion is defunct and/or no longer operational. Moreover, Defendants' objection regarding "obstruction of justice" was not explained in the briefing and the Court finds no basis for it under the circumstances. As for Defendant Stanley's (Talion manager) complaint that he has no time or monetary resources to review and provide the requested documents, the Court is sympathetic to his situation, but notes that he has, through his attorney, diligently defended his position and earnestly litigated this case including attempting to bring counterclaims against the Plaintiffs. Therefore, the Court will grant the motion to compel and deny the motion for protective order regarding documents and/or other information requested by the Plaintiffs and in the possession of Defendant Statguard. Statguard, through Talion, shall provide all such information and documents in its possession to the Plaintiffs

that are responsive to the Plaintiffs' discovery requests.[1]  Statguard shall supplement its discovery requests with the information and/or documents **on or before November 23, 2009**.

Second, with respect to the discovery requests served upon the individual Defendants, the Court agrees that, if the individuals possess no documents or information other than those already provided in response to the Plaintiffs' written discovery requests, the Court cannot compel additional responses.[2]  However, the responses by the individual Defendants (other than Stanley) reflect blanket answers stating simply that "Talion Systems was the entity which carried out all actions and events identified in the subject matter of (Plaintiff's interrogatories)" and "Talion Systems was the sole entity responsible for and in possession of the documents and materials sought (by Plaintiffs)."  The Court finds these responses inadequate and, to the extent that the discovery responses were not answered or verified by the individual Defendants, the Court further finds such responses improper.

Therefore, the Court will grant in part and deny in part the Plaintiffs' Motion to Compel and grant in part and deny in part the Defendants' Motion for Protective Order with respect to the discovery requests served upon the individual Defendants.  The individual Defendants shall each provide supplemental responses to Plaintiffs' discovery requests.  To the extent that the individual Defendants possess any responsive information or documents, or to the extent that the Defendants claim such information or documents are in the possession of Statguard (or Talion), the individual Defendants shall provide such information in their supplemental discovery responses **on or before November 23, 2009**.  To the extent that the Defendants possess no additional information or

---

[1] This includes any and all computer hard drives or other electronic media from which responsive information may be obtained.

[2] Obviously, this finding does not preclude the Plaintiffs from seeking additional information from the individuals through other means.

documents, they shall so attest in their individual supplemental responses to Plaintiffs' discovery requests.

Further, due to Defendants' improper objections and refusal to respond fully to the Plaintiffs' discovery requests, the Court believes that an allocation of attorney's fees is warranted here. "The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Rule 37 provides for the following when a motion to compel is granted in part and denied in part: "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (2009). It is within the sound discretion of this Court to determine what sanction is appropriate under the circumstances of this case. *NHL v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

The Defendants did not respond to Plaintiffs' argument and request for attorney's fees and costs. Under the circumstances, the Court finds that sanctions are appropriate and orders as follows:

> (1) Plaintiffs shall have all costs and attorney's fees reasonably incurred in filing the Motion to Compel[3] by filing an affidavit supporting such expenses no later than November 20, 2009; and
>
> (2) Defendants may object to the reasonableness of the fees requested by Plaintiffs no later than November 30, 2009.

**IV. Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Compel Discovery from Defendants and for Award of Fees and Costs [filed September 16, 2009; docket #43] is **granted in part and denied in part**, and Defendants' Amended Motion for

---

[3]This does not include any fees or costs incurred as a result of the hearing before the Court on the motion.

Protective Order [filed October 20, 2009; docket #57] is **granted in part and denied in part** as specified herein.

Dated at Denver, Colorado, this 6th day of November, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge