IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01414-REB-MEH

MICHELE WHITMORE,
WKF ENTERPRISES, LLC,
WANDA K. FORD,
DYLAN MUMM,
CARLYN MUMM, and
KATHRYN FORD,

    Plaintiffs,

v.

STATGUARD TECHNOLOGIES, INC.,
DAVID KIM STANLEY,
MICHAEL J. LEARY,
CHARLES S. BRADFORD,
BRUCE HOOVER, and
LINDA MITCHELL,

    Defendants.

## ORDER AND RECOMMENDATION ON MOTION TO AMEND ANSWER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Motion to File an Amended Answer Adding Counterclaims against Plaintiffs filed by Defendants StatGuard Technologies Inc., David Stanley, Michael Leary and Charles Bradford ("Motion") [docket #83]. The matter is briefed and has been referred to this Court for disposition. The Court heard some oral argument on the motion on October 27, 2009; additional oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the Court orders that the motion be **granted in part** and recommends that the motion be

**denied in part**.[1]

I.  **Background**

This is the fourth motion seeking to amend the Answer brought by the Defendants in this matter. The first three motions were denied without prejudice for procedural defects. The original motion was filed on August 27, 2009, before the deadline for joinder of parties and amendment of pleadings.

In the Motion, Defendants seek to bring ten counterclaims against the Plaintiffs in this lawsuit arising from Defendants' contractual relationships with the Plaintiffs in 2008. The current operative pleading, Defendants' Answer [docket # 40], alleges no counterclaims and no claims against any third parties. Plaintiffs contend that Defendants' request to amend is unduly delayed, prejudicial, that the proposed counterclaims are futile and that comity requires that the state court adjudicate this matter since removal of the case was improper.[2] Defendants have, in previous

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2] The Court notes that Plaintiffs' Motion to Remand remains pending before Judge Blackburn at the time of this filing. In addition, the Court finds unpersuasive Plaintiffs' argument that the within motion is not properly before this Court based upon "comity." Plaintiffs identify no rule or law necessitating an adjudication of this motion before the state

briefing, countered that, pursuant to Colorado law under which the original Answer was filed, its counterclaims are not delayed, that there is no prejudice nor bad faith, and that its claims are properly brought pursuant to applicable federal court rules.

## II.     Analysis

### A.     Standard of Review

Pursuant to Rule 13(f) of the Federal Rules of Civil Procedure, "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Fed. R. Civ. P. 13(f) (2009). In assessing what constitutes "excusable neglect" under Rule 13(f), courts have looked to the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 n. 10 (1993).

It is well settled that Rule 13(f) is applied along with Rule 15(a) of the Federal Rules of Civil Procedure, so long as the motion for leave to amend is filed on or before the deadline set for joinder and amendment of pleadings. *See Smith Contracting Corp. v. Trojan Constr. Co.*, 192 F.2d 234, 236 (10th Cir. 1951); *Essential Housing Mgmt, Inc. v. Walker*, 166 F.3d 332, *4 (4th Cir. Jun. 9, 1998) (unpublished). The Court must heed Rule 15's mandate that the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2009); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [party] may

---

court while the action is currently litigated in federal court.

be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182; *see also Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420 (4th Cir. 1990) (requests for leave to add omitted counterclaims should be liberally permitted, in order to further the policy of efficient disposition of all disputes arising from a single transaction in a single judicial proceeding); *see also Wayzata Bank & Trust Co. v. A & B Farms*, 855 F.2d 590, 594 (8th Cir. 1988) (same, with respect to compulsory counterclaims). Again, Plaintiffs argue that Defendants' amendments will cause undue delay and prejudice to the Plaintiffs and, nevertheless, would be dismissed on a Rule 12(b) motion.

  B. <u>Undue Delay or Prejudice</u>

The Court agrees with Defendants that they have timely filed their counterclaims against the Plaintiffs pursuant to Colorado statute and federal rules. Under Colorado law, in effect at the time the action was instituted and Defendants were required to answer, Defendants had one year within which to bring their counterclaims against the Plaintiffs. Colo. Rev. Stat. § 13-80-109; *see also Skyland Metropolitan Dist. v. Mountain West Ent., LLC*, 184 P.3d 106, 124 (Colo. App. 2007) (the time within which to file compulsory counterclaims is governed by § 13-80-109). Once the case was removed to this Court, the Defendants timely filed their request for amendment within the time period established by the governing Scheduling Order. Thus, the Court finds that Defendants' counterclaims against the Plaintiffs were timely filed and not unduly delayed.

Because the counterclaims against the Plaintiffs are raised early in the litigation and arise

from the same transactions or occurrences that are the subject of Plaintiffs' claims, the Court perceives no bad faith or prejudice against the Plaintiffs with Defendants' request for amendment.

    C.    <u>Futility of the Amendments</u>

As for the futility argument, the Court agrees that the fourth counterclaim, as proposed, fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, recommends denial of the proposed amendment. However, the Court disagrees that the remaining counterclaims are futile and, thus, orders that the motion is granted with respect to the eight remaining counterclaims.

A district court may deny leave to amend where amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Dillard-Crowe v. Aurora Loan Servs. LLC*, 2008 WL 3201226, *10 (D. Colo. Aug. 5, 2008) (unpublished) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a Rule 12(b)(6) motion)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Twombly* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the

factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Plaintiffs have argued in previous briefing that Defendants' second counterclaim for "harassment" is not a civil cause of action in Colorado; that Defendants' fourth counterclaim for breach of the implied covenant of good faith and fair dealing omits the identification of a contract and the way in which the covenant was breached; that Defendants' fifth counterclaim for "willful breaches of contract" is not a civil cause of action in Colorado; that Defendants' sixth counterclaim for fraudulent misrepresentation and concealment omits the identification of a material existing fact; and that Defendants' seventh and ninth counterclaims for tortious interference and defamation omit any facts specific to Defendants showing a claim for relief. *See* docket #48. The Court requested supplemental briefing on these issues and heard the matter, in part, on October 27, 2009. *See* dockets #54 and 63. In the supplemental briefing, Defendants requested permission to re-file the motion and proposed counterclaims to address certain issues raised by the Plaintiffs.[3] *See* docket #56. The Court granted the request and Defendants filed the within motion with attached revised proposed counterclaims. In response, the Plaintiffs incorporate their previous arguments responding to the original motion to amend and contend that, even with additional factual information, the Defendants still fail to state claims for tortious interference and defamation. Docket #84.

---

[3] In particular, the Defendants wished to drop the third party claims from its original proposed Amended Answer and to insert factual information in the proposed counterclaims alleging defamation and tortious interference, in place of their attorney's work product.

      1.     "Harassment" Claim

Plaintiffs argue Defendants' counterclaim for "harassment" is futile since Colorado does not recognize such claim. Defendants respond that the claim alleges the Plaintiffs engaged in "outrageous conduct" in an effort to cause "serious emotional distress"; therefore, the claim is one for intentional infliction of emotional distress. Plaintiffs counter that the factual allegations do not rise to the level of "extreme and outrageous conduct" as necessary to state a claim in Colorado.

The elements of outrageous conduct are: 1) the defendant engaged in extreme and outrageous conduct; 2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and 3) defendant's conduct caused plaintiff to suffer severe emotional distress. *Culpepper v. Pearl Street Building, Inc.,* 877 P.2d 877 (Colo. 1994). Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Coors Brewing Co. v. Floyd,* 978 P.2d 663 (Colo. 1999).

While the Court recognizes that the counterclaim is poorly titled, it cannot say that Defendants' allegations fail to state a claim for intentional infliction of emotional distress. Defendants claim that Plaintiffs repeatedly made obscene comments and threats against them, followed them and caused them to be placed under surveillance. Accepting these allegations as true, the Court finds they plausibly suggest an entitlement to relief for an outrageous conduct claim. *See, e.g., Rugg v. McCarty*, 173 Colo. 170, 177 (Colo. 1970) (creditor's repeated requests for payment and threat to garnish wages without judgment against debtor could be outrageous). Therefore, the Court finds that Defendants' counterclaim for "harassment" is not futile and grants Defendants' motion to amend as to the second counterclaim.

### 2. Contract Claims

Plaintiffs argue that Defendants' counterclaim for breach of implied covenant of good faith and fair dealing does not identify a contract and that Defendants' counterclaim for "willful breach of contract" is not recognized in Colorado. Defendants have since amended their proposed counterclaims and now allege a "breach of contract" counterclaim and a "breaches of implied covenant of good faith" against Plaintiffs Whitmore, Ford and Mumm. *See* docket #83-3 at 39-40. Plaintiffs do not challenge the newly amended "breach of contract" claim; therefore, the motion to amend is granted as to the third counterclaim. However, the Plaintiffs argue that the "good faith" counterclaim is deficient because it neither identifies a contract nor how it was breached.

First, the Court notes that the "good faith" counterclaim incorporates by reference all previous paragraphs of the Amended Answer, including the factual allegations and "breach of contract" counterclaim. However, even upon review of the breach of contract counterclaim, the Court finds the "good faith" counterclaim insufficient. The Defendants identify three "contractual promises" made by Plaintiffs Whitmore, Ford and Mumm with the Defendants but do not specify how the promises were breached. The promises themselves describe oral employment agreements between the Defendants and Plaintiffs; that is, the Defendants hired Plaintiffs Whitmore, Ford and Mumm to perform services for Statguard LLC for which the Plaintiffs were compensated by "salaries." There are no allegations that the oral "contractual promises" contained any stated terms of employment.

There is no cause of action under Colorado law for a tort-based claim for breach of the implied covenant of good faith and fair dealing in the employment-at-will context. *See Pittman v. Larson Distrib. Co.*, 724 P.2d 1379, 1387 (Colo. App. 1986); *see also O'Reilly v. Physicians Mut.*

*Ins. Co.*, 992 P.2d 644, 649-50 (Colo. App. 1999) (citing *Decker v. Browning-Ferris Indus. of Colorado*, 931 P.2d 436 (Colo. 1997)); *Shepherd v. United States Olympic Comm.*, 94 F. Supp. 2d 1136, 1148 (D. Colo. 2000). If the "contractual promises" are something other than at-will employment agreements between the parties, then that is not made clear to allow the Court to determine whether the allegations plausibly suggest an entitlement to relief. Under these circumstances, the Court recommends finding that the proposed counterclaim fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and is, therefore, futile and further recommends denying the motion to amend as to the fourth counterclaim.

### 3. Fraud/Misrepresentation Claim

Plaintiffs contend that Defendants' fifth claim for Fraud/Misrepresentation/Duty of Disclose fails to state a claim because it alleges misrepresentation of future events rather than existing facts. Defendants counter that it is appropriate under Colorado law to allege a promise concerning a future act when coupled with a present intention not to fulfill the promise. Plaintiffs respond that such allegations do not appear in the proposed counterclaim.

Defendants are correct; "[a] promise concerning a future act, when coupled with a present intention not to fulfill the promise, can be a misrepresentation which is actionable as fraud." *Ballow v. PHICO Ins. Co.*, 875 P.2d 1354, 1362 (Colo. 1993). Here, Defendants allege that Whitmore, Ford and Mumm promised to engage in conduct that would benefit Defendants, but failed to act and/or had improper motives in their actions. While the proposed counterclaim is no model of clarity, the Court finds that the allegations are sufficient to demonstrate that, if true, the named Plaintiffs made representations to Defendants of promises to act without the intention of fulfilling the promises. The Defendants' motion to amend is granted with respect to the fifth counterclaim.

    4.  Tortious Interference Claim

Plaintiffs argue that, even after further amendment, Defendants fail to state a claim for tortious interference with contract or prospective business advantage, because Defendants fail to identify any existing or prospective contracts that were breached, fail to identify any "third" parties to the contracts and fail to identify which Plaintiffs induced breach of the contracts.

To establish the tort of intentional interference with contract or prospective business advantage, a plaintiff must show: (1) the existence of a contract or prospective business relationship between the plaintiff and a third party; (2) knowledge by the defendant of the contract or business relationship or knowledge of facts that would lead the defendant to inquire as to the existence of the contract or business relationship; (3) intent by the defendant to induce a breach of contract or interference with the business relationship with the third party; (4) action by the defendant which induces the breach of contract or interference with business relationship; and (5) damages to the plaintiff. *Galleria Towers, Inc. v. Crump Warren & Sommer, Inc.*, 831 P.2d 908, 912 (Colo. App. 1991).

Here, the Court agrees with the Plaintiffs that the counterclaim itself is not clearly stated. Nevertheless, the Defendants allege tortious interference against Whitmore and Ford based upon the following factual allegations: (1) upon her termination, Whitmore "threaten[ed] to 'poison' Defendant StatGuard's relationships with certain persons and entities if she and Ford were not reinstated"; and (2) "[w]ithin two weeks of Whitmore's threats, two separate key business relationships of StatGuard's were terminated by the other parties, each of whom had had pre-existing relationships with Whitmore and Ford." *See* docket #83-3 at 32-33 (¶ 124 and ¶ 126). Defendants contend in their counterclaim that Whitmore and Ford "falsely informed third parties that ... because

10

of certain facts in defendant Stanley's past, said third parties were barred by law or regulation from entering into any contractual agreements with any entity with which Stanley was employed, and that they would publicize that fact if necessary in order to prevent any contracts with StatGuard." Docket #83-3 at 42.

The Court finds that these allegations, taken together and assuming they are true, plausibly state that Whitmore knew of one or more contracts/business relationships between StatGuard and third parties, intended to and actually did interfere with the relationships following her termination, and caused the Defendants to suffer economic damage. Therefore, the Court finds the sixth counterclaim is not futile and grants Defendants' motion to amend with respect to the counterclaim.

       5.      Defamation Claim

Plaintiffs contend that, even after further amendment and re-filing, Defendants' counterclaim for defamation against Whitmore and Ford fail to comply with the standards set forth in *Ashcroft*. The Court disagrees.

"In Colorado, a plaintiff must prove the following elements in asserting a cause of action for defamation: (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication." *Greenwood Trust Co. v. Conley*, 938 P.2d 1141, 1153 n. 1 (Colo. 1997).

Here, the Court finds that Defendants have sufficiently stated a plausible counterclaim for defamation by alleging that Plaintiffs made false statements to the Texas Department of Corrections and "others" concerning Defendant Stanley saying that he violated SEC and FINRA regulations, defrauded or intended to defraud StatGuard investors, and StatGuard was unqualified to enter into

11

governmental contracts due to Defendant Stanley's past criminal convictions. In addition, Defendants allege they have suffered "severe injury," including both economic and non-economic damages. Consequently, the Court finds that the claim plausibly states a claim for relief and grants Defendants' motion to amend with respect to the eighth counterclaim.

6. Remaining Claims

Because the Plaintiffs do not bring futility challenges to the remaining counterclaims, the Court grants the motion to amend with respect to the first, seventh and ninth counterclaims.

**III. Conclusion**

Accordingly, for the reason stated above, the Court RECOMMENDS that the Motion to File an Amended Answer Adding Counterclaims against Plaintiffs filed by Defendants StatGuard, Stanley, Leary and Bradford ("Motion") [filed November 11, 2009; docket #83] be **denied in part** as to the fourth counterclaim for "Breaches of Implied Covenant of Good Faith."

In addition, the Court ORDERS that the Motion be **granted in part** as to the first, second, third, fifth, sixth, seventh, eighth and ninth counterclaims. **On or before December 9, 2009**, the Defendants shall file the Amended[4] Answer with Counterclaims against Plaintiffs consistent with this Order and the Court's local rules concerning format, line spacing and font. *See* D.C. Colo. LCivR 10.1. Plaintiffs shall file an answer or other response to the counterclaims in accordance with Fed. R. Civ. P. 15(a).

Finally, the Clerk of the Court is directed to modify the entry at docket #68 to reflect that the "Amended Answer" is "tendered" or "proposed."

---

[4] The Defendants incorrectly titled the proposed amended answer as the "Second" Amended Answer; however, since there has been no amended answer filed in this case, the Defendants need not characterize the Amended Answer as "Second."

Dated at Denver, Colorado, this 3rd day of December, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge