**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01414-REB-MEH

MICHELE WHITMORE,
WKF ENTERPRISES, LLC,
WANDA K. FORD,
DYLAN MUMM,
CARYLN MUMM, and
KATHRYN FORD,

    Plaintiffs,

v.

STATGUARD, LLC,
DAVID KIM STANLEY,
MICHAEL J. LEARY,
CHARLES S. BRADFORD,
BRUCE HOOVER, and
LINDA MITCHELL,

    Defendants.

## ORDER GRANTING MOTION TO REMAND

**Blackburn, J.**

The matter before me is the **Plaintiffs Motion To Remand for Lack of Federal Jurisdiction and for Award of Fees and Costs** [#5][1] filed June 23, 2009. The defendants filed a response [#7], and the plaintiffs filed a reply [#10]. I grant the motion.

### I.  JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action may be removed to federal district court if the action is one over which the district court would have had original jurisdiction.  When the basis of removal allegedly is diversity of citizenship, the parties must be completely diverse and the amount in controversy must exceed seventy-five thousand dollars, exclusive of interest and costs.  **See** 28 U.S.C. § 1332.  These facts "must be affirmatively established on the face of either the petition or the removal notice."  **Laughlin v. Kmart Corp.**, 50 F.3d 871, 873 (10th Cir. 1995).

> In determining whether diversity of citizenship exists, a court looks to the citizenship of the real parties in interest; and where there is complete diversity between them, the presence of a nominal party with no real interest in the controversy will be disregarded.  Jurisdiction is not ousted by the joinder or nonjoinder of mere formal parties.

**Hann v. City of Clinton, Okl. ex rel Schuetter**, 131 F.2d 978, 981 (10th Cir. 1942).  When no relief is sought against a particular named defendant, that defendant is merely nominal and is not considered in the removal analysis.  **See Becker v. Angle**, 165 F.2d 140, 142 (10th Cir.1948).

## III.  REMOVAL ANALYSIS

The parties do not dispute that the amount in controversy in this case exceeds seventy five thousand dollars, exclusive of interest and costs.  The plaintiffs contend that removal is not proper because there is not complete diversity between the plaintiffs and all of the defendants.  The defendants argue that the non-diverse defendants are nominal defendants who were joined fraudulently in an effort to defeat this court's diversity jurisdiction.  The defendants contend that I should not consider the citizenship of these non-diverse defendants when determining if removal is proper in this case.

The plaintiffs allege that they each are owners of membership units in defendant

StatGuard, LLC, a Colorado limited liability corporation. According to the plaintiffs, the defendants are engaged in a campaign of harassment against the plaintiffs designed to force the plaintiffs to accede to a purported revocation of the plaintiff's StatGuard membership units. This campaign is driven, the plaintiffs assert, by the defendants' desire to convert StatGuard into a public corporation without providing compensation for the plaintiffs' membership interests. In their complaint, the plaintiffs assert ten claims for relief, naming particular defendants in each of the ten claims. The plaintiffs allege that the defendants took a variety of actions against the plaintiffs as part of the defendants' alleged campaign of harassment. The complaint, which originally was filed in state court, is Exhibit H to the defendants' Notice of Removal [#1], filed June 17, 2009. I will refer to this document as the Complaint.

Although the parties raise a variety of issues in the motion, response, and reply, I conclude that the removal issue can be resolved by determining whether or not defendants Bruce Hoover and Linda Mitchell should be included in the removal analysis. It is undisputed that both Hoover and Mitchell are citizens of the state of Colorado. If Hoover and Mitchell properly are considered in the removal calculus, then removal is not proper because there is not complete diversity of citizenship between the plaintiffs and the defendants. Again, the defendants argue that Hoover and Mitchell are nominal defendants only and that their citizenship may not be considered in the removal analysis. According to the defendants, Hoover and Mitchell "had no authority to take any of the actions alleged by Plaintiffs as forming the basis of their claims," and Hoover and Mitchell have "no real interest in this litigation, and no real relief is sought against [them] by the plaintiffs." *Response* [#7] filed July 13, 2009, p. 12. I disagree.

In Count V of the Complaint, the plaintiffs allege a claim of abuse of process

3

against Hoover, Mitchell, and other defendants.  The plaintiffs allege, *inter alia*, that defendant David Stanley "intentionally caused a criminal complaint to be made against" plaintiffs Michelle Whitmore, Wanda Ford, and Dylan Mumm.  *Complaint*, ¶ 70.  The plaintiffs contend that this criminal complaint "was devoid of reasonable support in fact or law, and at the time Mr. Stanley initiated his complaint, he . . . and Mr. Hoover knew that it was devoid of reasonable support in fact or law.  The plaintiffs allege, on information and belief, that Hoover and others "authorized and participated in the preparation and filing of this criminal complaint."  *Id.*, pp. 70.  The complaint was brought with malicious intent on the part of . . . Mr. Hoover."  *Id.*

> The plaintiffs allege also that the defendants
>
> intentionally caused a proceeding for a civil protection order to be initiated against Ms. Whitmore in Douglas County Court.  This proceeding was devoid of reasonable support in fact or law, and at the time it was initiated Mr. Stanley, Mr. Hoover . . . [and] Ms. Mitchell . . . knew that it was devoid of reasonable support in fact or law.  The proceeding (w)as initiated and continued to be prosecuted with malicious intent on the part of Mr. Stanley, Mr. Hoover, . . . Ms. Mitchell, and StatGuard, LLC.

*Id.*, ¶ 74.  The plaintiffs allege that both the criminal complaint and the civil protection order proceeding were initiated by the defendants "with the ulterior purpose of discrediting Ms. Whitmore . . . and forcing (her) to acquiesce in StatGuard, LLC's wrongful actions . . . ."  *Id.*, ¶ 71; see also ¶ 75.

The defendants argue that Hoover and Mitchell were employees of StatGuard, and not managers or executive officers of StatGuard.  As employees of StatGuard, the defendants contend, Hoover and Mitchell did not have the authority to take any of the actions alleged by the plaintiffs as forming the basis of the plaintiffs' claims.  The defendants argue that Hoover and Mitchell, acting as employees of StatGuard, have no real interest in this litigation and no real relief is sought against Hoover and Mitchell

4

because the plaintiffs "cannot establish a cause of action against them under Colorado law." *Response* [#7] filed July 13, 2009, p. 13.  On this basis, the defendants contend that Hoover and Mitchell were joined fraudulently in this litigation.

The plaintiffs' allegations in Count V of the Complaint, outlined above, indicate that Hoover, acting individually, authorized and participated in the filing of a criminal complaint, knowing that the complaint was baseless, and took those actions with malicious intent against plaintiff Whitmore.  Similarly, the plaintiffs allege that Hoover and Mitchell, acting individually, caused a proceeding for a civil protection order to be initiated knowing that the claim asserted was devoid of reasonable support in fact or law.  The plaintiffs allege that Hoover and Mitchell took those actions with malicious intent against plaintiff Whitmore.  The fact that these actions allegedly were taken to force Whitmore to acquiesce to StatGuard's alleged wrongful actions does not, as defendants contend, mean that the individual defendants cannot be liable individually for their alleged actions.

A corporate "officer may be held personally liable for his or her individual acts of negligence even though committed on behalf of the corporation, which is also held liable."  **Hoang v. Arbess**, 80 P.3d 863, 867 (Colo.App. 2003).  "At a minimum, personal liability attaches to a defendant who was directly involved in the conduct through conception or authorization.  Other direct involvement, such as active participation or cooperation, specific direction, or sanction of the conduct, also may be sufficient."  *Id.*, p. 868.  The defendants argue that Hoover and Mitchell were not managers or officers of StatGuard, but their purported status as employees rather than managers or officers is of no consequence here.

Neither the doctrine of respondeat superior nor the fiction of corporate

> existence bars imposition of individual liability for individual acts of
> negligence, even when the individual is acting in a representative capacity.
> Rather, a servant may be held personally liable for his individual acts of
> negligence, as also may an officer, director, or agent of a corporation for
> his or her tortious acts, regardless of the fact that the master or
> corporation also may be vicariously liable.

***Sanford v. Kobey Bros. Const. Corp.***, 689 P.2d 724, 725 (Colo. App.1984) (citations omitted).

In short, the plaintiffs have pled at least one viable claim for relief against Hoover and Mitchell as individuals. Hoover and Mitchell, as individuals, have a real interest in this litigation and, thus, are not merely nominal parties. Hoover and Mitchell are real parties in interest, and their citizenship must be considered in the removal analysis. It is undisputed that Hoover and Mitchell are citizens of the state of Colorado. Thus, as a matter of law, removal is not proper because there is not complete diversity of citizenship between the plaintiffs and the defendants.

### IV.  ATTORNEY FEES

Plaintiffs have requested an award of attorney fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). In determining whether to exercise my broad discretion to make such an award, the central focus is on the propriety of removal. ***Excell, Inc. v. Sterling Boiler & Mechanical, Inc.***, 106 F.3d 318, 322 (10th Cir. 1997); ***Daleske v. Fairfield Communities, Inc.***, 17 F.3d 321, 324 (10th Cir.), ***cert. denied***, 511 U.S. 1082 (1994). If there is little or no arguable basis for a notice of removal, then it is appropriate to award fees and costs under § 1447(c). ***Excell***, 106 F.3d at 322. I do not need to find that a case was removed in bad faith as a prerequisite to an award of fees and costs. ***Id***.

A careful reading of the plaintiffs' complaint belies the defendants' contentions

6

that Hoover and Mitchell "had no authority to take any of the actions alleged by Plaintiffs as forming the basis of their claims," that Hoover and Mitchell have "no real interest in this litigation, that no real relief is sought against [them] by the plaintiffs," and that the plaintiffs "cannot establish a cause of action against [Hoover and Mitchell] under Colorado law." *Response* [#7] filed July 13, 2009, pp. 12-13.  Again, the gravamen of the defendants' argument is that Hoover and Mitchell cannot be held liable on the plaintiff's claims because Hoover and Mitchell took the actions alleged in the complaint to serve the purposes of StatGard.  In the context of the allegations of the plaintiffs' Complaint, the case law noted in this order fatally undermines this argument.  These contentions are one of the primary bases of the defendants' arguments in support of their notice of removal.

In this case, I conclude that there is little or no arguable basis for the defendants' notice of removal in this case.  Further, I conclude that an award of attorney fees and costs under § 1447(c) is appropriate.  Having reviewed the documentation concerning the fees incurred by the plaintiffs as a result of the defendants' notice of removal, which are attached to the motion to remand [#5] and the reply [#10],  I find an conclude that an award of attorney fees and costs in the amount of 4,000 dollars in appropriate.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs Motion To Remand for Lack of Federal Jurisdiction and for Award of Fees and Costs** [#5] filed June 23, 2009, is **GRANTED**;

2. That this case is **REMANDED** to the District Court of El Paso County, Colorado (where it was filed originally as Case No. 09CV1653);

     3.  That under 28 U.S.C. § 1447(c), the plaintiffs are awarded 4,000 dollars in attorney fees and costs; and

     4.  That the defendants **SHALL PAY** 4,000 dollars in attorney fees and costs to the plaintiffs by February 15, 2010.

     Dated December 30, 2009, at Denver, Colorado.

     **BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge