**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 09-cv-01414-REB-MEH

MICHELE WHITMORE,
WKF ENTERPRISES, LLC,
WANDA K. FORD,
DYLAN MUMM,
CARYLN MUMM, and
KATHRYN FORD,

      Plaintiffs,

v.

STATGUARD, LLC,
DAVID KIM STANLEY,
MICHAEL J. LEARY,
CHARLES S. BRADFORD,
BRUCE HOOVER, and
LINDA MITCHELL,

      Defendants.

---

**ORDER GRANTING IN PART MOTION FOR SANCTIONS AND**
**MOTION TO ADJUDICATE MOTION FOR SANCTIONS**

---

**Blackburn, J.**

      This matter is before me on: (1) **Plaintiffs' Motion for Sanctions under 28**

**U.S.C. § 1927 Against Lisa Welch Stevens** [#108][1] filed December 7, 2009; and (2)

**Plaintiff's Motion To Amend or Correct Order Remanding Action, or Alternatively**

**To Adjudicate Pending Motions for Sanctions** [#123] filed January 4, 2010.  The

defendants filed responses to these motions [#117, #128],and the plaintiffs filed a reply

[#129] in support of their motion to amend.  I grant the motions on the terms stated in

this order.

---

      [1]  "[#108]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

# I. PROCEDURAL HISTORY

On June 17, 2009, the defendants filed a **Notice of Removal** [#1], removing this case from state court to this court. On December 30, 2009, I entered an order [#122] granting the plaintiff's motion to remand this case to state court. Addressing in that order the plaintiffs' request for an award of attorney fees under 28 U.S.C. § 1447(c), I concluded that "that there is little or no arguable basis for the defendants' notice of removal in this case. Further, I conclude that an award of attorney fees and costs under § 1447(c) is appropriate." *Order* [#122], p. 7. I awarded to the plaintiffs 4,000 dollars in attorney fees, which fees were incurred by the plaintiffs in filing their motion to remand and reply.

Between the time the plaintiffs filed their reply [#10] in support of their motion to remand and my order [#122] granting the motion to remand, this case was litigated actively in this court. That activity included the issuance by the assigned magistrate judge of an order to show cause [#64] directed to defendants' counsel. The magistrate judge ordered defense counsel to show why certain conduct she had undertaken did not violate FED. R. CIV. P. 11. Based on information filed by defendants Bruce Hoover and Linda Mitchell, the magistrate judge had information indicating that defense counsel had filed "several documents in this case, including discovery responses, without their (Hoover and Mitchell's) authorization." On November 6, 2009, defense counsel filed a response [#76] to the order to show cause.

On November 6, 2009, the court granted the plaintiff's motion to compel discovery [#43] and ordered the defendants to provide supplemental discovery responses on or before November 23, 2009. *Order* [#71] , filed November 6, 2009. The magistrate judge awarded to the plaintiffs reasonable costs and attorney fees incurred

in filing the motion to compel. *Id.* On November 30, 2009, the plaintiff's filed a motion for sanctions [#96], arguing that the defendants had not complied with the court's order [#71].

On December 3, 2009, the plaintiffs' filed a motion [#105] for sanctions against defense counsel under FED. R. CIV. P. 11. On December 7, 2009, the plaintiffs' filed a motion [#108] for sanctions against defense counsel under 28 U.S.C. § 1927. The plaintiffs assert identical factual bases for sanctions in these two motions. Similar to the bases cited by the magistrate judge in his order to show cause, the plaintiffs asserted that defense counsel had filed discovery responses with this court on behalf of Hoover and Mitchell that purported to bear Hoover and Mitchell's signatures, notarized by defense counsel. In fact, the plaintiffs asserted that defense counsel possessed no such signatures and never had informed Hoover and Mitchell that discovery had been served on them. The plaintiffs asserted also that defense counsel filed the Notice of Removal [#1] in this case without the authorization of Hoover and Mitchell. The Notice of Removal [#1], at page eight, contains an assertion that Hoover and Mitchell joined in the removal.

When I entered my order [#122] granting the motion to remand, the magistrate judge's order to show cause [#64] and the plaintiffs' motions for sanctions [#96, #105, #108] had not been resolved. Although I did not intend for those pending matters to be terminated when my order [#122] granting the motion to remand was entered, the pendency of the order to show cause and both of the motions for sanctions was terminated when my order [#122] granting the motion for remand was entered. In their present motion, the plaintiffs ask that I address and resolve the motions for sanctions or, in the alternative, award additional attorney fees under § 1447(c), after considering the

3

circumstances of this case as they existed at the time my order [#122] granting the motion for remand was entered. Notably, the relief sought by the plaintiffs in the motions for sanctions and in their present motion is, essentially, identical. I exercise my discretion to resolve these issues applying the standards of 28 U.S.C. § 1927.

## II. JURISDICTION

I remanded this case to state court because the defendants did not establish that this court has diversity jurisdiction over this case under 28 U.S.C. § 1332. Even though I do not have subject matter jurisdiction over the merits of this case, I have jurisdiction to address the issue of sanctions. It is well established that

> "a federal court may consider collateral issues after an action is no longer pending.... [An] imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." [***Cooter & Gell v. Hartmarx Corp.***, 496 U.S. 384,395-396 (1990).] Such an order implicates no constitutional concern because it "does not signify a district court's assessment of the legal merits of the complaint." ***Id.***, at 396, 110 S.Ct., at 2456. It therefore does not raise the issue of a district court adjudicating the merits of a "case or controversy" over which it lacks jurisdiction.

***Willy v. Coastal Corp.,*** 503 U.S. 131, 138 (1992). Jurisdiction over the issue of sanctions under § 1927 is directly analogous to sanctions under FED. R. CIV. P. 11. I conclude that I have jurisdiction over the plaintiff's motion for sanctions under § 1927.

## III. STANDARD OF REVIEW

28 U.S.C. § 1927 provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To be subject to sanction under § 1927, the conduct in question must manifest either intentional or reckless disregard of the attorney's duties to

the court.  ***Hamilton v. Boise Cascade Exp.,*** 519 F.3d 1197, 1202 (10th Cir. 2008).

The inquiry under § 1927 "is whether the proceedings have been unreasonably and

vexatiously multiplied."  ***Steinert v. Winn Group, Inc.***, 440 F.3d 1214, 1223 (10th Cir.

2006).  Sanctions under § 1927 cover only excess costs, expenses, and fees

reasonably incurred because of an attorney's unreasonable and vexatious multiplication

of the proceedings.  Section 1927 provides for sanctions to be assessed against an

attorney, but not against a party to the action.  ***Braley v. Campbell***, 832 F.2d 1504,

1511 (10th Cir. 1987).

## IV.  ANALYSIS

Again, in my order remanding this case, I concluded that "that there is little or no

arguable basis for the defendants' notice of removal in this case. Further, I conclude(d)

that an award of attorney fees and costs under § 1447(c) is appropriate."  *Order* [#122],

p. 7.  This conclusion informs my § 1927 analysis.  The plaintiffs argue that a variety of

other proceedings in this court demonstrate that defense counsel's actions

unreasonably and vexatiously multiplied these proceedings.  Having reviewed carefully

the record in this case, including the magistrate judge's order to show cause [#64], the

defendants' response [#76], the plaintiffs' motions for sanctions [#105, #108], the

defendants' responses [#115, #128], the plaintiffs' motion to amend [#124], the

defendants' response [#117], and the plaintiffs' reply [#129], as well as the various

filings addressed in those documents, I find and conclude that defense counsel

unreasonably and vexatiously multiplied these proceedings in the following respects, in

addition to filing a notice of removal with little or no arguable basis:

A.  Scheduling conference and order.  The plaintiffs seek fees in the amount of

1,240 dollars incurred in preparing a proposed scheduling order and attending a

scheduling conference.  This proceeding was necessitated by the filing of the notice of removal by defense counsel.  Absent the filing of the notice of removal, which had little or no arguable basis, these fees would not have been incurred by the plaintiffs.  These proceedings will be of no utility to the state court following remand. The fees and costs tied to the scheduling order and conference were caused by defense counsel's unreasonable and vexatious multiplication of these proceedings, here in the form of the notice of removal.  I conclude that 1,240 dollars in fees is a  reasonable fee award for proceedings tied to this issue.

B.  Plaintiffs' motion to compel discovery responses from defendants.  The plaintiffs seek fees in the amount of 1,798[2] related to the filing of their motion to compel and review of the defendants' related motion for protective order.  While this case was pending in state court, the plaintiffs served discovery requests on the defendants.  The defendants did not respond and the plaintiffs filed a motion to compel discovery.  A hearing on that motion was set for June 18, 2009.  On June 16, 2009, two days prior to the hearing, the defendants filed their notice of removal and via that notice divested the state court of jurisdiction, at least temporarily.  The plaintiffs served the same discovery requests on the defendants after this case was removed to this court.  The plaintiffs were required to file a motion to compel [#43] in an effort to generate an adequate response from the defendants, and the defendants filed a motion for protective order [#57] addressing the same discovery issues.  After a hearing, the magistrate judge granted the motion to compel and awarded attorney fees and costs to the plaintiffs.

---

[2]  See plaintiffs' attorney fee declaration [#74] filed November 6, 2009.  The magistrate judge excluded attorney fees for attendance at the hearing on the motion to compel and protective order from his award of attorney fees related to the motion to compel. *Order* [#71].  I adopt the magistrate judge's assessment of the proceedings for which fees should be awarded concerning the motion to compel.

*Order* [#71] filed November 6, 2009. The magistrate judge directed the plaintiffs to document the fees incurred in filing the motion to compel, and granted the defendants an opportunity to respond to the reasonableness of the attorney fees claimed by the plaintiffs. The plaintiffs filed their supporting declaration [#74] on November 6, 2009. The defendants did not challenge the reasonableness of the fees claimed by the plaintiffs. I conclude that the defendants' refusal to comply with their discovery obligations, and defense counsel's decision to contest the motion to compel, constitute an unreasonable and vexatious multiplication of these proceedings. I conclude that 1,798 dollars in fees is a reasonable fee award for proceedings tied to this issue.

C. <u>Plaintiffs' efforts to address defense counsel's misconduct</u>. The plaintiffs seek fees in the amount of 15,706 dollars for their efforts to address the misconduct of defense counsel in federal court. I note that two of the plaintiffs' motions for sanctions [#106, #109] address essentially the same conduct that was addressed in the magistrate judge's order to show cause [#64]. Having reviewed the record, I conclude that defense counsel filed discovery responses purporting to include the signatures of defendants Hoover and Mitchell, even though Hoover and Mitchell had not signed the discovery responses. I conclude also that defense counsel represented that Hoover and Mitchell had joined in the notice of removal, even though Hoover and Mitchell were not aware of the notice before it was filed. Defense counsel's description of the relevant circumstances, as stated in her response [#76] to the magistrate judge's order to show cause [#64] demonstrates that she took these actions. These actions constitute misconduct which unreasonably and vexatiously multiplied these proceedings. I conclude that 1,500 dollars in fees is a reasonable fee award for proceedings tied to this issue.

D.  Conclusion.  I conclude that the plaintiffs are entitled to an award of 4,538 dollars based on defense counsel's unreasonable and vexatious multiplication of these proceedings, as summarized above.  I conclude that defense counsel's actions, as summarized above, demonstrate, at minimum, a reckless disregard of counsel's duties to the court.   To the extent the plaintiffs seek additional fees, I conclude that the plaintiffs are not entitled to additional fees under 28 U.S.C. § 1927.  Further, having considered the plaintiffs' motion for sanctions under FED. R. CIV. P. 11 [#105] and the plaintiffs' motion for an award of additional fees under 28 U.S.C. § 1447(c) [#123], I conclude that the result would not be materially different under the standards applicable to those motions.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiff's Motion To Amend or Correct Order Remanding Action, or Alternatively To Adjudicate Pending Motions for Sanctions** [#123] filed January 4, 2010, is **GRANTED** to the extent the plaintiffs seek adjudication of their motion for sanctions [#108] under § 1927;

2.  That the **Plaintiff's Motion To Amend or Correct Order Remanding Action, or Alternatively To Adjudicate Pending Motions for Sanctions** [#123] filed January 4, 2010, otherwise is **DENIED**;

3.  That the **Plaintiffs' Motion for Sanctions under 28 U.S.C. § 1927 Against Lisa Welch Stevens** [#108] filed December 7, 2009, is **GRANTED** in part;

4.  That under 28 U.S.C. § 1927, the plaintiffs are **AWARDED** reasonable attorney fees in the amount of four thousand five hundred thirty-eight (4,538) dollars to be paid by defendants' attorney, Lisa Welch Stevens;

5.  That Lisa Welch Stevens shall pay this amount to counsel for the plaintiffs on or before **October 29, 2010**;

6.  That the **Plaintiffs' Motion for Sanctions under 28 U.S.C. § 1927 Against Lisa Welch Stevens** [#108] filed December 7, 2009, otherwise is **DENIED**; and

7.  That on or before **October 8, 2010**, defense counsel, Lisa Welch Stevens, **SHALL FILE** a response to the plaintiffs' **Motion Regarding Defendants' Contempt of Order To Pay Sanctions** [#135] filed March 16, 2010.

Dated September 14, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge