**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01414-REB-MEH

MICHELE WHITMORE,
WKF ENTERPRISES, LLC,
WANDA K. FORD,
DYLAN MUMM,
CARYLN MUMM, and
KATHRYN FORD,

    Plaintiffs,

v.

STATGUARD, LLC,
DAVID KIM STANLEY,
MICHAEL J. LEARY,
CHARLES S. BRADFORD,
BRUCE HOOVER, and
LINDA MITCHELL,

    Defendants.

## ORDER IMPOSING SANCTIONS FOR CONTEMPT OF COURT

**Blackburn, J.**

This matter is before me on the following: (1) the plaintiff's **Motion Regarding Defendants' Contempt of Order To Pay Sanctions** [#135][1] filed March 16, 2010; and (2) **Plaintiffs' Motion Regarding Lisa Welch Stevens' Contempt of Order to Pay Sanctions and File Responsive Pleading** [#139] filed November 4, 2010. The defendants have not filed a response to [#135]. A response [#141] and a reply [#142] were filed addressing the issues raised in [#139]. On the terms stated in this order, I

---

[1] "[#135]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

grant both motions.

On December 30, 2009, I entered an **Order Granting Motion To Remand** [#122]. In that order [#122], I ordered the defendants to pay 4,000 dollars in attorney fees and costs to the plaintiffs by February 15, 2010. Counsel for the plaintiffs states in the plaintiffs' present motion [#135] that the defendants have not paid any part of this amount. *Motion* [#135], Declaration of Matthew D. Spohn, ¶ 2. Nothing in the record indicates that the defendants have paid any part of this amount to the plaintiffs. In violation of the orders of this court, each of the defendants, Statguard, LLC, David Kim Stanley, Michael J. Leary, Charles S. Bradford, Bruce Hoover, and Linda Mitchell, have failed and refused inexcusably to comply with this court's order [#122] requiring the defendants to pay 4,000 dollars in attorney fees and costs to the plaintiffs by February 15, 2010.[2]

On September 14, 2010, I entered an **Order Granting In Part Motion for Sanctions and motion To Adjudicate Motion for Sanctions** [#138]. In that order [#138], I ordered counsel for the defendants, Lisa Welch Stevens, to pay 4,538 dollars to counsel for the plaintiffs on or before October 29, 2010. That order [#138] was based on my award of reasonable attorney fees to counsel for the plaintiffs under 28 U.S.C. § 1927. In her response [#141] to the plaintiffs' present motion [#139], Ms. Stevens concedes that she has not paid any part of this amount to counsel for the plaintiffs. In violation of the orders of this court, Lisa Welch Stevens has failed and refused

---

[2] The plaintiffs do not seek enforcement of the court's order against defendants Bruce Hoover and Linda Mitchell based on the representation of these two defendants that they were not aware of the removal of this case from state court and did not participate in or authorize the efforts to remove this case from state court to this court. *Plaintiffs' memorandum of law* [#136] filed March 16, 2010, p. 2 n. 1. I have not been asked to consider this apparent defense of Hoover and Mitchell and thus do not consider this apparent representation of Hoover and Mitchell.

inexcusably to comply with this court's order [#138] requiring her to pay to 4,538 dollars to counsel for the plaintiffs on or before October 29, 2010.

In my September 14, 2010, order [#138], I ordered Lisa Welch Stevens to file a response to the plaintiff's motion [#135] concerning the defendants' failure to pay 4,000 dollars to plaintiffs' counsel, as required in the court's order [#122].  Given repeated statements in the record that the defendants actively have sought to terminate Lisa Welch Stevens as their counsel, I do not rely on Ms. Stevens' failure to file a response as a basis for finding her in contempt of this court.

A district court has the inherent power to enforce its orders through civil contempt.[3]  **Shillitani v. United States**, 384 U.S. 364, 370 (1966).  A finding of civil contempt is proper when (1) a valid court order existed; (2) the subject of the order had knowledge of the order; and (3) the subject of the order disobeyed the order.  **FTC v. Kuykendall**, 371 F.3d 745, 756-57 (10th Cir. 2004) (citing **Reliance Ins. Co. v. Mast Constr. Co.**, 159 F.3d 1311, 1315 (10th Cir. 1998)).  *See also* 18 U.S.C. § 401(3).  With regard to both of the orders at issue here, the record in this case establishes each of these three elements.

There are two types of civil contempt sanctions: coercive sanctions and compensatory sanctions.  Coercive contempt sanctions "look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court

---

[3] Contempt proceedings are either civil or criminal in nature.  Consistent with the objectives underlying civil and criminal contempts, if the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil.  **Colombo v. New York**, 405 U.S. 9, 10-11 (1972); **Shillitani v. United States**, 384 U.S. 364, 369-70 (1966); **Cheff v. Schnackenberg**, 384 U.S. 373, 377 (1966).  If the penalty is fixed and there is no possibility of complying with the court order, the contempt is criminal.  **Shillitani**, 384 U.S. at 369-70.

order." ***Latrobe Steel Co. v. United Steelworkers****,* 545 F.2d 1336, 1344 (3rd Cir. 1976). Compensatory sanctions, on the other hand, seek to "compensate the complainant through the payment of money for damages caused by past acts of disobedience." ***Id.; see also United States v. United Mine Workers of Amer.***, 330 U.S. 258, 303-04 (1947); ***South Suburban Org. for Women v. Terry***, 886 F.2d 1339, 1351 (2nd Cir. 1989). A coercive sanction should be designed to bring about the desired result and to reflect the character and magnitude of harm if the desired result is not achieved. ***O'Connor v. Midwest Pipe Fabricators, Inc.***, 972 F.2d 1204, 1211 (10th Cir. 1992); ***see also United Mine Workers****,* 330 U.S. at 304.

Civil confinement is one type of coercive sanction. The United States Supreme Court has stated that courts have the power to "impose conditional imprisonment for the purpose of compelling a person to obey a valid order" for the benefit of third parties. ***Uphaus v. Wyman***, 360 U.S. 72, 81 (1959) (stating that "[s]uch coercion, where the defendant carries the keys to freedom in his willingness to comply with the court's directive, is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees").

The defendants' continuing failure and refusal to obey this court's order [#122] requiring the defendants to pay 4,000 dollars in attorney fees and costs to the plaintiffs by February 15, 2010, is offensive to the authority and dignity of the court and constitutes a continuing contempt of court for which the defendants must be sanctioned to vindicate the authority and dignity of the court. Lisa Welch Stevens' continuing failure and refusal to obey this court's order [#138] requiring the her to pay 4,538 dollars in attorney fees and costs to the plaintiffs' counsel by October 29, 2010, is offensive to the

4

authority and dignity of the court and constitutes a continuing contempt of court for which Lisa Welch Stevens must be sanctioned to vindicate the authority and dignity of the court.

I have considered carefully, but rejected for now as inefficacious, all other sanctions for contempt of court, including the imposition of a fine or daily fines.[4] The sanction necessary in these circumstances is (1) an order requiring that the defendants and Lisa Welch Stevens immediately expurgate their contempt by complying with the orders of the court; and (2) absent immediate compliance and expurgation, incarceration, pending expurgation of contempt by full compliance with the orders of this court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion Regarding Defendants' Contempt of Order To Pay Sanctions** [#135] filed March 16, 2010, is **GRANTED** on the terms stated in this order;

2. That the **Plaintiffs' Motion Regarding Lisa Welch Stevens' Contempt of Order to Pay Sanctions and File Responsive Pleading** [#139] filed November 4, 2010, is **GRANTED** on the terms stated in this order;.

3. That defendants Statguard, LLC, David Kim Stanley, Michael J. Leary, Charles S. Bradford, Bruce Hoover, and Linda Mitchell, are **FOUND GUILTY** of civil contempt and are **ADJUDICATED TO BE** in contempt of court;

4. That Lisa Welch Stevens is **FOUND GUILTY** of civil contempt and is

---

[4] I expressly reserve the right to consider the imposition of attorney fees and costs as an additional sanction.

**ADJUDICATED TO BE** in contempt of court;

5. That on or before **Monday, April 25, 2011, at 12:00 p.m. (noon)** mountain daylight time, defendants Statguard, LLC, David Kim Stanley, Michael J. Leary, Charles S. Bradford, Bruce Hoover, and Linda Mitchell, **SHALL PAY** to the plaintiffs 4,000 dollars by tendering said amount to counsel of record for the plaintiffs;

6. That on or before **Monday, April 25, 2011, at 12:00 p.m. (noon)** mountain daylight time, Lisa Welch Stevens **SHALL PAY** to counsel for the plaintiffs 4,538 dollars by tendering said amount to counsel of record for the plaintiffs;

7. That on or before **Monday, April 25, 2011, at 5:00 p.m.** mountain daylight time, and after timely payment of the amounts specified above to counsel for the plaintiffs, the person making a payment as required by this order **SHALL FILE** with this court a notice indicating the date and amount of the payment made to counsel for the plaintiffs;

8. That if the defendants, Statguard, LLC, David Kim Stanley, Michael J. Leary, Charles S. Bradford, Bruce Hoover, and Linda Mitchell, do not make timely payment as required by this order, then, as a coercive sanction for their civil contempt, defendants David Kim Stanley, Michael J. Leary, Charles S. Bradford, Bruce Hoover, and Linda Mitchell **SHALL BE ARRESTED AND INCARCERATED** until they **PURGE** themselves of contempt by unconditionally complying with the court's **Order Granting Motion To Remand** [#122], filed December 30, 2009, and this order;

9. That to effect this incarceration pending compliance with the lawful orders of this court, a **WARRANT** for the arrest of defendants David Kim Stanley, Michael J. Leary, Charles S. Bradford, Bruce Hoover, and Linda Mitchell, **SHALL BE ISSUED** on

**Tuesday, April 26, 2011**, unless the defendants have demonstrated their full compliance with the court's **Order Granting Motion To Remand** [#122], filed December 30, 2009, and this order;

    10.  That if issued by the court, the warrant ordered in paragraph 9 above and this order **SHALL SERVE** as a writ and mittimus to the United States Marshal for the District of Colorado to arrest and incarcerate defendants, David Kim Stanley, Michael J. Leary, Charles S. Bradford, Bruce Hoover, and Linda Mitchell, pending their unconditional compliance with the court's **Order Granting Motion To Remand** [#122], filed December 30, 2009, and this order;

    11.  That if Lisa Welch Stevens does not make timely payment as required by this order, then, as a coercive sanction for her civil contempt, Lisa Welch Stevens **SHALL BE ARRESTED AND INCARCERATED** until she **PURGES** herself of contempt by unconditionally complying with the court's **Order Granting In Part Motion for Sanctions and Motion To Adjudicate Motion for Sanctions** [#138] filed September 14, 2010, and this order;

    12.  That to effect this incarceration pending compliance with the lawful orders of this court, a  **WARRANT** for the arrest of Lisa Welch Stevens **SHALL BE ISSUED** on **Tuesday, April 26, 2011**, unless Lisa Welch Stevens has demonstrated her full compliance with the court's **Order Granting In Part Motion for Sanctions and Motion To Adjudicate Motion for Sanctions** [#138] filed September 14, 2010, and this order; and

    13.  That if issued by the court, the warrant ordered in paragraph 12 above and this order **SHALL SERVE** as a writ and mittimus to the United States Marshal for the

District of Colorado to arrest and incarcerate Lisa Welch Stevens pending her unconditional compliance with the court's **Order Granting In Part Motion for Sanctions and Motion To Adjudicate Motion for Sanctions** [#138] filed September 14, 2010, and this order.

Dated March 25, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge