**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01414-REB-MEH

MICHELE WHITMORE,
WKF ENTERPRISES, LLC,
WANDA K. FORD,
DYLAN MUMM,
CARYLN MUMM, and
KATHRYN FORD,

    Plaintiffs,

v.

STATGUARD, LLC,
DAVID KIM STANLEY,
MICHAEL J. LEARY,
CHARLES S. BRADFORD,
BRUCE HOOVER, and
LINDA MITCHELL,

    Defendants.

## AMENDED ORDER IMPOSING SANCTIONS FOR CONTEMPT OF COURT

**Blackburn, J.**

This matter is before the court on the parties' **Stipulated Motion To Amend Order Imposing Sanction for Contempt Upon Bruce Hoover and Linda Mitchell** [#144][1] filed March 28, 2011. The parties ask the court to amend its **Order Imposing Sanctions for Contempt of Court** [#143] filed March 25, 2011. The court entered its **Order Imposing Sanctions for Contempt of Court** [#143] to enforce sanctions imposed against the defendants and their counsel in the court's **Order Granting**

---

[1] "[#144]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Motion To Remand** [#122] filed December 30, 2009 and **Order Granting in Part Motion for Sanctions and Motion To Adjudicate Motion for Sanctions** [#138] filed September 14, 2010.  The parties seek this amendment solely to purge the contempt of and dismiss all sanctions imposed against defendants Bruce Hoover and Linda Mitchell.  I grant the stipulated motion to amend.

I enter this **Amended Order Imposing Sanctions for Contempt of Court** solely to (1) withdraw my finding that defendants Bruce Hoover and Linda Mitchell are in contempt of this court; and (2) to vacate all sanctions imposed against defendants Bruce Hoover and Linda Mitchell in the **Order Granting Motion To Remand** [#122] and the **Order Imposing Sanctions for Contempt of Court** [#143] filed March 25, 2011.  Otherwise, the terms and requirements of this **Amended Order Imposing Sanctions for Contempt of Court** are identical to the terms and requirements of the court's **Order Imposing Sanctions for Contempt of Court** [#143] filed March 25, 2011.

On December 30, 2009, the court entered an **Order Granting Motion To Remand** [#122].  In that order [#122], I ordered the defendants to pay 4,000 dollars in attorney fees and costs to the plaintiffs by February 15, 2010.  Counsel for the plaintiffs reports that the defendants have not paid any part of this amount.  *Motion* [#135], Declaration of Matthew D. Spohn, ¶ 2. Nothing in the record indicates that the defendants have paid any part of this amount to the plaintiffs.  In their present motion [#144], the parties argue the award of attorney fees and costs should not be enforced against defendants Bruce Hoover and Linda Mitchell because they had no involvement in the removal of this case to this court and, in fact, were not aware of the removal of

this case until after the removal had happened.  Having reviewed the record, including my previous orders, I conclude that it is undisputed that Bruce Hoover and Linda Mitchell had no involvement in the improper removal of this case to this court. Therefore, I conclude that Bruce Hoover and Linda Mitchell should not be required to pay the attorney fees and costs awarded to the plaintiffs in the **Order Granting Motion To Remand** [#122] filed December 30, 2009.  I amend the **Order Granting Motion To Remand** [#122] filed December 30, 2009, to eliminate the requirement that Bruce Hoover and Linda Mitchell pay the attorney fees and costs awarded to the plaintiffs in that order.   Further, I conclude that, because Bruce Hoover and Linda Mitchell are not required to pay the attorney fees and cost awarded to the plaintiffs, they are not in contempt of this court based on their failure to pay those attorney fees and costs. However, each of the other defendants, Statguard, LLC, David Kim Stanley, Michael J. Leary, Charles S. Bradford, have failed and refused inexcusably to comply with this court's order [#122] requiring the defendants to pay 4,000 dollars in attorney fees and costs to the plaintiffs by February 15, 2010.

On September 14, 2010, I entered an **Order Granting In Part Motion for Sanctions and motion To Adjudicate Motion for Sanctions** [#138].  In that order [#138], I ordered counsel for the defendants, Lisa Welch Stevens, to pay 4,538 dollars to counsel for the plaintiffs on or before October 29, 2010.  That order [#138] was based on my award of reasonable attorney fees to counsel for the plaintiffs under 28 U.S.C. § 1927.  In her response [#141] to the plaintiffs' present motion [#139], Ms. Stevens concedes that she has not paid any part of this amount to counsel for the plaintiffs.  In violation of the orders of this court, Lisa Welch Stevens has failed and refused

3

inexcusably to comply with this court's order [#138] requiring her to pay to 4,538 dollars to counsel for the plaintiffs on or before October 29, 2010.

In my September 14, 2010, order [#138], I ordered Lisa Welch Stevens to file a response to the plaintiff's motion [#135] concerning the defendants' failure to pay 4,000 dollars to plaintiffs' counsel, as required in the court's order [#122]. Given repeated statements in the record that the defendants actively have sought to terminate Lisa Welch Stevens as their counsel, I do not rely on Ms. Stevens' failure to file a response as a basis for finding her in contempt of this court.

A district court has the inherent power to enforce its orders through civil contempt.[2] **Shillitani v. United States**, 384 U.S. 364, 370 (1966). A finding of civil contempt is proper when (1) a valid court order existed; (2) the subject of the order had knowledge of the order; and (3) the subject of the order disobeyed the order. **FTC v. Kuykendall**, 371 F.3d 745, 756-57 (10th Cir. 2004) (citing **Reliance Ins. Co. v. Mast Constr. Co.**, 159 F.3d 1311, 1315 (10th Cir. 1998)). See also 18 U.S.C. § 401(3). With regard to both of the orders at issue here, the record in this case establishes each of these three elements.

There are two types of civil contempt sanctions: coercive sanctions and compensatory sanctions. Coercive contempt sanctions "look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court

---

[2] Contempt proceedings are either civil or criminal in nature. Consistent with the objectives underlying civil and criminal contempts, if the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil. **Colombo v. New York**, 405 U.S. 9, 10-11 (1972); **Shillitani v. United States**, 384 U.S. 364, 369-70 (1966); **Cheff v. Schnackenberg**, 384 U.S. 373, 377 (1966). If the penalty is fixed and there is no possibility of complying with the court order, the contempt is criminal. **Shillitani**, 384 U.S. at 369-70.

4

order." ***Latrobe Steel Co. v. United Steelworkers****,* 545 F.2d 1336, 1344 (3rd Cir. 1976). Compensatory sanctions, on the other hand, seek to "compensate the complainant through the payment of money for damages caused by past acts of disobedience." ***Id.; see also United States v. United Mine Workers of Amer.***, 330 U.S. 258, 303-04 (1947); ***South Suburban Org. for Women v. Terry***, 886 F.2d 1339, 1351 (2nd Cir. 1989). A coercive sanction should be designed to bring about the desired result and to reflect the character and magnitude of harm if the desired result is not achieved. ***O'Connor v. Midwest Pipe Fabricators, Inc.***, 972 F.2d 1204, 1211 (10th Cir. 1992); ***see also United Mine Workers****,* 330 U.S. at 304.

Civil confinement is one type of coercive sanction. The United States Supreme Court has stated that courts have the power to "impose conditional imprisonment for the purpose of compelling a person to obey a valid order" for the benefit of third parties. ***Uphaus v. Wyman***, 360 U.S. 72, 81 (1959) (stating that "[s]uch coercion, where the defendant carries the keys to freedom in his willingness to comply with the court's directive, is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees").

The continuing failure and refusal of defendants Statguard, LLC, David Kim Stanley, Michael J. Leary, and Charles S. Bradford to obey this court's order [#122] requiring the defendants to pay 4,000 dollars in attorney fees and costs to the plaintiffs by February 15, 2010, is offensive to the authority and dignity of the court and constitutes a continuing contempt of court for which the defendants must be sanctioned to vindicate the authority and dignity of the court. The continuing failure and refusal of Lisa Welch Stevens to obey this court's order [#138] requiring the her to pay 4,538

5

dollars in attorney fees and costs to the plaintiffs' counsel by October 29, 2010, is offensive to the authority and dignity of the court and constitutes a continuing contempt of court for which Lisa Welch Stevens must be sanctioned to vindicate the authority and dignity of the court.

I have considered carefully, but rejected for now as inefficacious, all other sanctions for contempt of court, including the imposition of a fine or daily fines.[3] The sanction necessary in these circumstances is (1) an order requiring that defendants Statguard, LLC, David Kim Stanley, Michael J. Leary, Charles S. Bradford, and their counsel, Lisa Welch Stevens, immediately expurgate their contempt by complying with the orders of the court; and (2) absent immediate compliance and expurgation, incarceration, pending expurgation of contempt by full compliance with the orders of this court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the court's **Order Imposing Sanctions for Contempt of Court** [#143] filed March 25, 2011, is **WITHDRAWN** and **REPLACED** and **SUPERSEDED** by this **Amended Order Imposing Sanctions for Contempt of Court**;

2. That the court's **Order Granting Motion To Remand** [#122] filed December 30, 2009, is **AMENDED** to specify that defendants Bruce Hoover and Linda Mitchell are not required to pay to the plaintiffs 4,000 dollars in attorney fees and costs;

3. That otherwise, the court's **Order Granting Motion To Remand** [#122] filed December 30, 2009, **SHALL REMAIN** in full force and effect;

---

[3] I expressly reserve the right to consider the imposition of attorney fees and costs as an additional sanction.

4. That defendants Statguard, LLC, David Kim Stanley, Michael J. Leary, Charles S. Bradford are **FOUND GUILTY** of civil contempt and are **ADJUDICATED TO BE** in contempt of court;

5. That Lisa Welch Stevens is **FOUND GUILTY** of civil contempt and is **ADJUDICATED TO BE** in contempt of court;

6. That on or before **Monday, April 25, 2011, at 12:00 p.m. (noon)** mountain daylight time, defendants Statguard, LLC, David Kim Stanley, Michael J. Leary, Charles S. Bradford **SHALL PAY** to the plaintiffs 4,000 dollars by tendering said amount to counsel of record for the plaintiffs;

7. That on or before **Monday, April 25, 2011, at 12:00 p.m. (noon)** mountain daylight time, Lisa Welch Stevens **SHALL PAY** to counsel for the plaintiffs 4,538 dollars by tendering said amount to counsel of record for the plaintiffs;

8. That on or before **Monday, April 25, 2011, at 5:00 p.m.** mountain daylight time, and after timely payment of the amounts specified above to counsel for the plaintiffs, the person making a payment as required by this order **SHALL FILE** with this court a notice indicating the date and amount of the payment made to counsel for the plaintiffs;

9. That if the defendants, Statguard, LLC, David Kim Stanley, Michael J. Leary, Charles S. Bradford do not make timely payment as required by this order, then, as a coercive sanction for their civil contempt, defendants David Kim Stanley, Michael J. Leary, and Charles S. Bradford  **SHALL BE ARRESTED** and **INCARCERATED** until they **PURGE** themselves of contempt by unconditionally complying with the court's **Order Granting Motion To Remand** [#122], filed December 30, 2009, and this order;

10. That to effect this incarceration pending compliance with the lawful orders of this court, a **WARRANT** for the arrest of defendants David Kim Stanley, Michael J. Leary, Charles S. Bradford **SHALL BE ISSUED** on **Tuesday, April 26, 2011**, unless the defendants have demonstrated their full compliance with the court's **Order Granting Motion To Remand** [#122], filed December 30, 2009, and this order;

11. That if issued by the court, the warrant ordered in paragraph 10 above and this order **SHALL SERVE** as a writ and mittimus to the United States Marshal for the District of Colorado to arrest and incarcerate defendants, David Kim Stanley, Michael J. Leary, Charles S. Bradford pending their unconditional compliance with the court's **Order Granting Motion To Remand** [#122], filed December 30, 2009, and this order;

12. That if Lisa Welch Stevens does not make timely payment as required by this order, then, as a coercive sanction for her civil contempt, Lisa Welch Stevens **SHALL BE ARRESTED** and **INCARCERATED** until she **PURGES** herself of contempt by unconditionally complying with the court's **Order Granting In Part Motion for Sanctions and Motion To Adjudicate Motion for Sanctions** [#138] filed September 14, 2010, and this order;

13. That to effect this incarceration pending compliance with the lawful orders of this court, a **WARRANT** for the arrest of Lisa Welch Stevens **SHALL BE ISSUED** on **Tuesday, April 26, 2011**, unless Lisa Welch Stevens has demonstrated her full compliance with the court's **Order Granting In Part Motion for Sanctions and Motion To Adjudicate Motion for Sanctions** [#138] filed September 14, 2010, and this order; and

14. That if issued by the court, the warrant ordered in paragraph 13 above and

this order **SHALL SERVE** as a writ and mittimus to the United States Marshal for the District of Colorado to arrest and incarcerate Lisa Welch Stevens pending her unconditional compliance with the court's **Order Granting In Part Motion for Sanctions and Motion To Adjudicate Motion for Sanctions** [#138] filed September 14, 2010, and this order.

    Dated April 6, 2011, at Denver, Colorado.

                                            **BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge